IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 7:05CR00091 |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| RICARDO RAMERE HILTON, ) | |
| ) | By: Hon. Glen E. Conrad |
| Defendant. ) | Senior United States District Judge |

Defendant Ricardo Ramere Hilton, through counsel, has filed a motion for reduction of sentence pursuant to the First Step Act of 2018. The motion has been briefed and is ripe for review. For the following reasons, the court will grant the defendant's motion.

On October 6, 2005, a grand jury in the Western District of Virginia returned a multi-count indictment against the defendant. On April 28, 2006, the defendant entered pleas of guilty to Counts Two and Three of the indictment. Count Two charged the defendant with possessing with intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). Count Three charged the defendant with using or carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Based on the amount of cocaine base charged in Count Two, the defendant faced a mandatory term of imprisonment of five to forty years on that count. See 21 U.S.C. § 841(b)(1)(B) (2006). The defendant was also subject to a mandatory consecutive term of imprisonment of five years to life for the § 924(c) charge.

The defendant appeared for sentencing on July 18, 2006. At that time, he was found to qualify as a career offender under § 4B1.1 of the United States Sentencing Guidelines. In determining the advisory guideline range of imprisonment, the court applied U.S.S.G. § 4B1.1(c)(2), and determined that the combined range for the defendant's two convictions was

262 to 327 months. See U.S.S.G. § 4B1.1(c)(3). The court ultimately imposed a total term of imprisonment of 270 months, consisting of a term of 210 months on Count Two and a consecutive term of 60 months on Count Three. The court also imposed a term of supervised release of five years on each count, to run concurrently.

The defendant has now moved for a sentence reduction under the First Step Act of 2018. Section 404 of the First Step Act permits the court to retroactively apply the statutory penalties modified by the Fair Sentencing Act. See First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194 (enacted Dec. 21, 2018); see also 18 U.S.C. § 3582(c)(1)(B) (authorizing courts to modify a sentence of imprisonment "to the extent otherwise expressly permitted by statute"). Section 404 provides that "[a] court that imposed a sentence for a covered offense may, on motion of the defendant, . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." Pub. L. No. 115- 391, § 404(b). The Act defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties of which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." Id. § 404(a).

Upon review of the record, the court concludes that the defendant is eligible for a sentence reduction under the First Step Act. It is undisputed that the offense with which the defendant was charged in Count Two of the indictment is a "covered offense" for purposes of the Act. The offense was committed before August 3, 2010, and the applicable statutory penalties were modified by section 2 of the Fair Sentencing Act, which "reduced the statutory penalties for cocaine base offenses" in order to "alleviate the severe sentencing disparity between crack and powder cocaine." United States v. Peters, 843 F.3d 572, 575 (4th Cir. 2016) (citing Fair

Sentencing Act of 2010, § 2, Pub. L. No. 111-220, 124 Stat. 2372, 2373 (codified at 21 U.S.C. § 841(2012))). As relevant in the instant case, section 2 of the Fair Sentencing Act increased the amount of cocaine base required to trigger the statutory penalties set forth in § 841(b)(1)(B) from five grams to twenty-eight grams. See Pub. L. No. 111-220, § 2(a)(1), 124 Stat. at 2372; see also 21 U.S.C. § 841(b)(1)(B) (2012). Accordingly, the court is authorized to "impose a reduced sentence as if [section 2] were in effect at the time the covered offense was committed." 115 Pub. L. 391, § 404(b).

When the Fair Sentencing Act is retroactively applied in the defendant's case, the statutory sentencing range for the offense charged in Count Two is up to twenty years' imprisonment and at least three years of supervised release, based on the quantity of cocaine base charged in the indictment. See 21 U.S.C. § 841(b)(1)(C) (2012) (setting forth the statutory penalties applicable to offenses involving less than twenty-eight grams or more of a mixture or substance containing cocaine base). The guideline range of imprisonment is still 262 to 327 months. The court has been advised that the defendant has served approximately 168 months in prison. His projected release date is April 26, 2026.

Upon review of the record, the court concludes that a sentence reduction is warranted in the defendant's case. Although the advisory guideline range of imprisonment has not changed since 2006, "nothing in the First Step Act conditions eligibility for a reduced sentence on a lowered guideline range." United States v. Shelton, No. 3:07-cv-00329, 2019 U.S. Dist. LEXIS 63905, at *4 (D.S.C. Apr. 15, 2019). Instead, "[t]he Act provides authority to impose a reduced sentence when application of the Fair Sentencing Act results in a lower statutory range," as it does in the defendant's case. Id. After considering the parties' arguments and the sentencing factors set forth in 18 U.S.C. § 3553(a), the court will reduce the defendant's total term of

imprisonment to 229 months, consisting of 169 months on Count Two and a consecutive 60 months on Count Three. The term of supervised release imposed for the offense charged in Count Two will be reduced to three years. All other terms of the original sentence will remain the same.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the defendant, all counsel of record, the United States Probation Office, and the United States Marshals Service, for delivery to the Bureau of Prisons.

DATED: This 31st day of OCTOBER, 2019.

_____
Senior United States District Judge